```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------x
LISA "LEE" WHITNUM,                        )
        Plaintiff,                         )
                                           )
                - v -                      )
                                           )
                                           )
                                           )
GATEHOUSE MEDIA INC.,                      )
The Norwich Bulletin                       )
And Raymond Hackett, personally            )
                                           )    FEBRUARY 27, 2012
-----------------------------------------------------------x
```

**FILED**

2012 FEB 27 P 4:28

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## COMPLAINT FOR DECLARATORY AND IMMEDIATE

## PRELIMINARY INJUNCTIVE RELIEF

### Preliminary Statement

1. Plaintiff brings this civil rights action to vindicate her rights under the First Amendment to the United States Constitution.

2. LISA "LEE" Whitnum is a Democratic and a duly filed candidate for the candidate for the United States Senate D-CT. Her Federal Election commission candidate ID: C0CT00185, Her Federal election commission committee ID: C00478594. 3.  She resides in Greenwich, CT.. and is known as "Lee Whitnum."

4. Raymond Hackett is the editorial page editor at The Norwich Bulletin, Norwich, CT which is owned by GateHouse Media, Inc. 350 WillowBrook Office Park, Fairport, NY 14450

5. Plaintiff files this case to seek access to the planned pre-primary Democratic debates between Democratic candidates the first one, sponsored by The Norwich Bulletin commences on March 3, 2012. The dates and locations of the other debates have not been announced.

6. Mr. Raymond Hackett, working in his capacity as the editorial page editor, scheduled the March 3, 2012 debate. The defendants chose to bar the Plaintiff from participating clearly claiming the three other political candidates campaign managers

conspired to keep plaintiff out of the debate.

7.  When asked the reason why she was denied, Hackett gave the following three reasons: Stating that they were traditional reasons used in all prior debates which the Plaintiff says is false: 1. Candidate requires to have held public office and. 2. Adherence with FEC laws 3. and Name recognition.

8.  In the past The Norwich Bulletin had conducted debates with candidates who did not raise funds but relied on the own assets, and the

9.  Ms. Whitnum is prepared to spend enough donations and personal assets for her campaign - enough to run a fine campaign. She is aware of no monetary guidelines or bench marks published anywhere to determine a person's worth as a candidate. As money is transferred to the campaign so it will be documented. She is aware of FEC laws and she is adhering to all.

Additionally:

> "A history of the use of disclosure laws against civil rights groups, detailed in such cases as *N.A.A.C.P.* v. *Alabama*, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958), illustrates how those in power may attempt to impede vigorous debate of political issues by the application of such laws."

10. Mr. Hackett is using contrived excuses to keep the Plaintiff out of the process. He clearly is personally attempting to single the plaintiff out and exclude her. We believe this is done with malice.

11. Regarding the other "requirements" as stated by the defendants, specifically that a candidate must have had "held public office" many candidates in past debates sponsored by The Norwich Bulletin have not formerly held public office. Additionally the Plaintiff was a District leader in her town Democratic committee. She has held public office.

12. Having not held public office in the past is not a requirement for candidacy in the eyes of the Federal Election Commission nor the State of Connecticut.

13. Regarding the requirement for as stated by the defendant Ray Hackett, of "name recognition." This is purely subjective. The Plaintiff ran for Congress in 2008 in the fourth congressional district and she has "name recognition" to many people but obviously not to the Defendant Hackett. The defendant should not decide who is viable, who has name recognition - that is the role of the delegates and the voters.

14. Defendants purposeful exclusion of Ms. Whitnum sends a message that she is less than and that she is not a viable candidate.

15. The Defendants' marginalizing of her and her work in the eyes of the public is defamation and discrimination.

16. His actions are purposeful and deliberate and have caused Ms. Whitnum, who has worked very hard on her campaign, a tremendous amount of emotional distress.

17. As further example of his purposeful malice occurred in the conversation between Mr. Hackett, in his office at the Norwich Bulletin and in his official capacity there, and Mr. Louis Asfour. Mr. Hackett told Mr. Asfour that he was not allowing Ms, Whitnum into the debate because she filed a lawsuit gains the Democratic State Central Committee. Mr. Asfour has provide an affidavit attesting to this fact. (Exhibit A)

18. This is a blatant lie and another contrived excuse by the Defendants to defame the Plaintiff and to marginalize her in the eyes of the public and to keep Whitnum out of the process.

19. For the record, Ms. Whitnum has never filed a lawsuit against the Democratic State Central Committee or any local Democratic Party or group.

20. This is a First Amendment Violation. The Plaintiff is protected by the Constitution. While a private publication may deny, for example, publishing a new hot dog stand opening in town, political debate is different. The televised debate is the modern-day the Town Square:

"Discussion of public issues and debate on the qualifications of candidates are integral to the operation of the system of government established by our Constitution. The First Amendment affords the broadest protection to such political expression in order to assure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by the people. . . . Although First Amendment protections are not confined to the exposition of ideas . . . there is practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs . . . of course includ[ing] discussions of candidates. . . . This no more than reflects our profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open. . . . In a republic where the people are sovereign, the ability of the citizenry to make informed choices among candidates for office is essential, for the identities of those who are elected will inevitably shape the course that we follow as a nation. As the Court [previously observed] . . . it can hardly be doubted that the constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for political office. *Buckley* v. *Valeo*, 424 U.S. 1, 14-15 [96 S.Ct. 612, 46 L.Ed.2d 659] (1976)

Additionally,

*New York Times Co. v. Sullivan*, 376 U.S. 254, 270 [84 S.Ct. 710, 11 L.Ed.2d 686] (1964). In a republic where the people are sovereign, the ability of the citizenry to make informed choices among candidates for office is essential, for the identities of those who are elected will inevitably shape the course that we follow as a nation. As the Court observed in *Moniter Patriot Co. v. Roy*, 401 U.S. 265, 272 [91 S.Ct. 621, 28 L.Ed.2d 35] (1971), `it can hardly be doubted that the constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for political office.'" *Buckley v. Valeo*, 424 U.S. 1, 14-15, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976).

**Request for Relief**

21. Paragraphs 1 through 20 above are incorporated as if fully set forth herein.

**Injunction**

22. Plaintiff respectfully requests an immediate preliminary injunction barring the Plaintiffs from excluding her from the March 3, 2012 debate.

**Nominal Damages**

23. To be determined at a later date if Plaintiff is excluded.

**Attorneys' Fees and Costs**

24. Plaintiff also request an order awarding the costs of this action, including attorneys' fees, costs, and expenses, under 42 U.S.C. § 1988.

25. Plaintiff additionally request such other relief as the Court deems just and proper.

**In Conclusion**

These debates are pre-primary debates and therefore the Defendants do not have a valid reason to exclude her. If her campaign fails to survive after the Democratic Primary – then the Defendants have a reasonable excuse to exclude the Plaintiff - but to exclude her and the aforementioned reasons are clearly contrived excuses based on personal prejudice, subjective worth as a candidate. Contrived excuses to preclude candidates is the most dangerous as to what will be the criterion to exclude a duly filed candidate next time? Race? Political Party? Foreign policy position? Sexual Preference? Gender?

The plaintiff seeks:

1. An immediate <u>preliminary Injunction</u> from barring the Defendant from excluding the Plaintiff from the scheduled March 3, 2012 debate.

Dated: February 27, 2012
Stamford, CT

                                                 Lisa "Lee" Whitnum, pro se.
                                                 PO box 7482, Greenwich, CT
                                                 Fax; 203-532-1233

cc:    Alan Neigher, 1804 Post Road East, Westport, CT  06880